UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------- X

HELEN LAVELLE,

                          Plaintiff,

        - against -

PRUDENTIAL INSURANCE COMPANY OF
AMERICA,

                       Defendant.

------------------------------------------------------- X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____ 5/11/2021

20-CV-8106 (VSB)

**OPINION & ORDER**

Appearances:

Michail Z. Hack
Schwartz, Conroy & Hack, PC
Garden City, NY
*Counsel for Plaintiff*

Anshel Joel Kaplan
Alnisa Shakirah Bell
Seyfarth Shaw LLP
New York, NY
*Counsel for Defendant*

VERNON S. BRODERICK, United States District Judge:

       Before me is Plaintiff's motion (1) to take discovery beyond the administrative record,

and (2) to discover certain documents marked as privileged in the administrative record, in this

case brought under the Employee Retirement Income Security Act of 1974 ("ERISA"). (Doc.

21.) For the reasons stated herein, Plaintiff's motion is DENIED.

# I.    Factual Background and Procedural History

Plaintiff Helen Lavelle ("Plaintiff" or "Lavelle") alleges that Defendant The Prudential Insurance Company of America ("Defendant" or "Prudential") unjustly denied her claim for long-term disability benefits, with a final claim denial on June 12, 2020.  (Compl. ¶¶ 13, 18.)[1] Defendant filed its answer to Plaintiff's complaint on December 14, 2020.  (Doc. 11.)  Shortly after the pleadings were filed, the parties fell into a dispute over whether or not Plaintiff is entitled to discovery outside of the administrative record in this case.  *See* (Doc. 15.)  Upon becoming aware of the dispute, I directed Defendant to provide Plaintiff with the administrative record once it was finalized and submit proof of service on the docket, after which Plaintiff would have one week to review the administrative record and determine whether she still believed that extra-record discovery was warranted.  (Doc. 17.)  On March 1, 2021, Defendant filed an affidavit of service indicating that it had emailed Plaintiff the administrative record on February 26, 2021.  (Doc. 19.)  Plaintiff missed the deadline I initially set out, *see* (Doc. 20), but submitted a letter on March 19, 2021, arguing that extra-record discovery was still appropriate in light of the administrative record, (Doc. 21).  Defendant submitted its response on April 2, 2021. (Doc. 23.)

# II.    Discussion

## A.    *Extra-Record Discovery*

Plaintiff makes two principal arguments in support of her motion for extra-record discovery.  First, Plaintiff argues that "[a]n administrative record does not exist under ERISA," noting that the phrase "administrative record" is not defined within the ERISA statute or its accompanying regulations.  (Doc. 21, at 2–3.)  This borderline frivolous argument is contradicted

---

[1] "Compl." refers to Plaintiff's Complaint filed on September 30, 2020.  (Doc. 1.)

by years of binding precedent, and Plaintiff does not cite Second Circuit case law or case law from one of my colleagues in this District to the contrary. For ERISA cases, "the presumption is that judicial review is limited to the record in front of the claims administrator unless the district court finds good cause to consider additional evidence." *Muller v. First Unum Life Ins. Co.*, 341 F.3d 119, 125 (2d Cir. 2003) (internal quotation marks omitted); *see also Halo v. Yale Health Plan*, 819 F.3d 42, 60 (2d Cir. 2016) ("[W]hen reviewing claim denials [under ERISA] . . . district courts typically limit their review to the administrative record before the plan at the time it denied the claim."). This argument does not support Plaintiff's motion for extra-record discovery.

Second, Plaintiff states that she and I do "not have the assurance that Defendants' claim file constitutes a complete 'record' upon which Defendants acted." (Doc. 21, at 3.) As noted *supra*, "a district court's decision to admit evidence outside the administrative record is discretionary, but which discretion ought not to be exercised in the absence of good cause." *Krauss v. Oxford Health Plans, Inc.*, 517 F.3d 614, 631 (2d Cir. 2008) (internal quotation marks omitted). "[C]ourts in this district generally require an ERISA plaintiff seeking additional discovery to show only a reasonable chance that the requested discovery will satisfy the good cause requirement." *Durham v. Prudential Ins. Co. of Am.*, 890 F. Supp. 2d 390, 397 (S.D.N.Y. 2012) (internal quotation marks omitted). Good cause may be present where there is "[a] demonstrated conflict of interest in the administrative reviewing body," *DeFelice v. Am. Int'l Life Assurance Co.*, 112 F.3d 61, 67 (2d Cir. 1997), where a "plan's failure to comply with the claims-procedure regulation adversely affected the development of the administrative record," *Halo*, 819 F.3d at 60, or where the "claimed reason for denying a claim was not stated in notices to the claimant," *Ricciardi v. Metro. Life Ins. Co.*, No. 16-CV-3805(CM), 2019 WL 652883, at

*12 (S.D.N.Y. Feb. 15, 2019).

Plaintiff does not provide any evidence of good cause here; instead, she provides only conclusory assertions that "Defendant is an untrustworthy fiduciary that cannot ensure its accuracy, content and integrity." (Doc. 21, at 3.) Plaintiff offers no concrete or substantive allegations in support of this claim, and does not identify any specific problems with the administrative record provided in this case. Further, Plaintiff does not even identify what discovery she would seek to complete the record, making it even harder to find that she has met her burden to show that there is a reasonable chance that the discovery sought would satisfy the good cause requirement. *See Salisbury v. Prudential Ins. Co. of Am.*, 238 F. Supp. 3d 444, 451 (S.D.N.Y. 2017) ("When seeking discovery beyond the administrative record, the plaintiff should specifically identify the type of discovery she seeks.").

Plaintiff also argues that the claim denial here "should be reviewed under the *de novo* standard of review." (Doc. 21, at 5.) "[D]enial of benefits challenged under [ERISA] is to be reviewed under a *de novo* standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." *Fay v. Oxford Health Plan*, 287 F.3d 96, 103–04 (2d Cir. 2002) (quoting *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989)). Where a plan grants the administrator discretionary authority to determine eligibility benefits, the court may use a deferential standard of review. *See McCauley v. First Unum Life Ins. Co.*, 551 F.3d 126, 132 (2d Cir. 2008). This standard of review question is potentially relevant to the question of extra-record discovery presented here because courts reviewing under a more deferential standard of review "are usually limited to the administrative record," whereas extra-record discovery may be more warranted under *de novo* review. *Trussel v. Cigna Life Ins. Co.*, 552 F. Supp. 2d 387, 390 (S.D.N.Y. 2008).

However, as noted *supra*, because Plaintiff's letter motion for extra-record discovery is so lacking, it fails no matter the standard of review. As such, at this stage of the case, I decline to make a definitive determination as to the applicable standard of review, and defer such decision, if necessary, to a later date.

Plaintiff may of course submit a subsequent motion for extra-record discovery, but I am highly unlikely to grant it if she does not identify with specificity (1) the extra-record discovery she seeks, (2) specific allegations—with reference to the administrative record and facts of this case—as to why there is good cause for such discovery, and (3) why such information was not provided in support of the instant motion. For now, this case must proceed without further delay.

### B.    *Privileged Documents*

Plaintiff further claims that she is entitled to discover documents—Bates-stamped PRU 077212-002666-010108 and 002666-010109—that Defendant withheld from the administrative record on grounds of attorney-client privilege. (Doc. 21, at 4–5, Ex. A.) Plaintiff argues that these documents fall into the fiduciary exception to attorney-client privilege, such that Defendant improperly withheld them. (*Id.* at 4–5.)

"[A]n employer acts as an ERISA fiduciary only in plan management or administration, not in the plan's design or amendment. The employer's ability to invoke the attorney-client privilege to resist disclosure sought by plan beneficiaries turns on whether or not the communication concerned a matter as to which the employer owed a fiduciary obligation to the beneficiaries." *In re Long Island Lighting Co.*, 129 F.3d 268, 271–22 (2d Cir. 1999). "Frequently, the key question is whether the communication was made before or after the final decision to deny benefits." *Asuncion v. Metro. Life Ins. Co.*, 493 F. Supp. 2d 716, 720 (S.D.N.Y. 2007); *see also McFarlane v. First Unum Life Ins. Co.*, 231 F. Supp. 3d 10, 14 (S.D.N.Y. 2017)

("Whether a communication was made before or after a benefit decision is a key consideration in determining whether the communication concerned the exercise of fiduciary functions."). The final denial date is "highly relevant" to the analysis because, after that date, "there should be little need for administrators to consult counsel regarding a specific benefits determination." *Asuncion*, 493 F. Supp. 2d at 720 (internal quotation marks omitted).

Plaintiff here argues that because the documents were produced before Plaintiff filed her complaint on September 30, 2020, they are subject to the fiduciary exception. (Doc. 21, at 4.) Plaintiff's argument is misguided because the relevant date is not when the complaint was filed, but when Defendant issued its final claim denial. The parties agree that Defendant "issued a final claim denial on June 12, 2020." (Compl. ¶ 18; Doc. 23, at 6.) The privilege log indicates that the documents at issue are dated July 16, 2020 and July 21, 2020—more than a month after the final claim denial in this case. (Doc. 21, Ex. A.) As such, I see no reason to find that the fiduciary exception applies, and I deny Plaintiff's application to discover the two documents at issue.

### III.  **Conclusion**

For the foregoing reasons, Plaintiff's motion (1) to take discovery beyond the administrative record, and (2) to discover certain documents marked as privileged in that administrative record, is DENIED.  The parties are further ordered to submit a joint proposed case management plan and scheduling order, a template for which can be found at Document 14, seven (7) days after the filing of this order.


 SO ORDERED.

Dated: May 11, 2021
          New York, New York

                              Vernon S. Broderick
                              United States District Judge