```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
HELEN LAVELLE,                                              :
                                                            :
                              Plaintiff,                    :
                                                            :         20-cv-8106 (VSB)
              -against-                                     :
                                                            :              ORDER
PRUDENTIAL INSURANCE COMPANY OF                             :
AMERICA,                                                    :
                                                            :
                              Defendant.                    :
                                                            :
----------------------------------------------------------- X
```

VERNON S. BRODERICK, United States District Judge:

    I am in receipt of the parties' proposed case management plan and scheduling order. (Doc. 25.) In it, the parties identify a disagreement. Defendant requests that, [s]hould the case not resolve [through settlement], the case should be resolved by the parties filing cross-motions for judgment on the record," with opening briefs due on September 17, 2021, opposition briefs due on October 15, 2021, and with no opportunity for replies. (*Id.*) Plaintiff maintains that "Defendant's suggestion that this case can be disposed of by 'cross-motions for judgment on the record' is not authorized by the Federal Rules and that summary judgment briefing is inappropriate "because this case is replete with contrary facts." (*Id.*) (citing *Muller v. First Unum Life Ins. Co.*, 341 F.3d 119, 124 (2d Cir. 2003)).

    While *Muller* did note that a "'motion for judgment on the administrative record' does not appear to be authorized in the Federal Rules of Civil Procedure," it noted that "[m]any courts have either explicitly or implicitly treated such motions, which are frequently made by insurers in ERISA benefits cases, as motions for summary judgment under Rule 56." *Muller*, 341 F.3d at 124. Further, "it may be appropriate to treat such a motion as a motion for summary judgment in some cases," provided, as here, there was not already a decision on a motion for summary

judgment. *Id.* As such, I believe that *Muller* mostly supports Defendant's argument. Further, while Plaintiff is welcome to argue in her briefing that granting judgment on the administrative record or summary judgment is unwarranted due to a genuine dispute of material facts, that of course is not a legitimate reason to prevent Defendant from filing such a motion in the first place.

Accordingly, it is hereby:

ORDERED any motions for judgment on the administrative record or summary judgment are due on or before September 17, 2021, with responses in opposition due on October 15, 2021, and any reply memoranda of law due on or before October 29, 2021.

IT IS FURTHER ORDERED that I approve the rest of the parties' case management plan and scheduling order at Document 25, save for the disputes identified at Paragraphs 7 and 9 and resolved here. I will sign a modified version of proposed case management and scheduling order, which will strike Paragraphs 7 and 9.

SO ORDERED.

Dated: May 19, 2021
        New York, New York

_____
VERNON S. BRODERICK
United States District Judge